UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                   Case Nos.:   5:12cr5/MW/CJK
                                                  5:16cv182/MW/CJK
FREDDIE LEE CHRISTOPHER
KNOWLES IV
_____/

REPORT AND RECOMMENDATION

Defendant Freddie Lee Christopher Knowles IV has moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (ECF No. 856). The Government filed a motion to dismiss (ECF No. 878) to which Defendant responded. (ECF No. 882). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The court recommends the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

On August 8, 2012, Defendant Freddie Lee Christopher Knowles IV pleaded guilty as charged in a second superseding indictment to conspiracy to distribute and possess with intent to distribute cocaine ("Count One"), possession with intent to distribute cocaine ("Count Two"), possession of a firearm in furtherance of a drug trafficking crime ("Count Four"), and felon in possession of a firearm ("Count Five"). (ECF Nos. 160, 290-291.) The charges stemmed from Defendant's participation in a conspiracy involving the transport of cocaine from Texas to the Panhandle of Florida. Charles Lammers of the office of the Federal Public Defender represented him.

Before Defendant entered his guilty plea, the Government filed a notice of enhancement information. (ECF No. 75.) The Government identified two prior controlled substance felony convictions and indicated its intent to seek increased penalties because of these convictions pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

The Presentence Investigation assessed Defendant's adjusted offense level at 38 irrespective of the Chapter Four Enhancement. (ECF No. 564, PSR ¶¶ 99-104.)

Defendant was classified as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines because of the two felony controlled substance convictions listed in the Government's Enhancement Information. The adjusted offense level pursuant to Chapter Four was 37, but because the Chapter Two guidelines yielded a higher offense level, the adjusted guidelines range remained at 38. (PSR ¶¶ 105-110.) As a career offender, Defendant's criminal history category was VI. (PSR ¶ 119.) The applicable guidelines range was 292 to 365 months imprisonment on Counts One, Two, and Five, followed by a sixty-month consecutive term on Count Four. (PSR ¶ 150.)

Defendant was sentenced to 195 months' imprisonment, below both the applicable guideline range and the minimum mandatory penalties. (ECF No. 587, 588, 799.) Defendant did not appeal the May 9, 2013, judgment. (ECF No. 587.) In 2014, the court reduced Defendant's sentence to 183 months' imprisonment. (ECF No. 706.) On July 20, 2015, Defendant's sentence on Counts One and Two were further reduced pursuant to 18 U.S.C. § 3582(c)(2), with a resulting sentence of 166 months' imprisonment. (ECF No. 799.) Defendant filed the instant

motion on June 23, 2016 pursuant to the prison mailbox rule. (ECF NO. 856 at 12.)

Defendant raises a single ground for relief in his § 2255 motion. He contends he is entitled to resentencing because his career offender sentence was rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government argues *Johnson* is inapplicable to Defendant's case, and as such his motion should be denied and dismissed.

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Relevant to the instant motion, the one-year period runs from the latest of: the date on which the judgment of conviction becomes final; or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(1) and (3). The judgment in Defendant's case became final on May 23, 2013 when the time for filing an appeal expired. The subsequent modification of Defendant's sentence pursuant to 18 U.S.C. § 3582 was not a *de novo* resentencing and did not re-start the clock for

purposes of filing a motion pursuant to 28 U.S.C. § 2255.  *See Murphy v. United States*, 634 F. 3d 1303 (11th Cir. 2011); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000).  Therefore, because the one-year limitations period expired on May 23, 2014, Defendant's motion dated June 23, 2016 is facially untimely.

Defendant asserts his motion is timely because it was filed within one year of the Supreme Court's June 26, 2015 decision in *Johnson v. United States*, a case the Court held to be retroactive on collateral review.  *Welch v. United States*, 136 S. Ct. 1257 (2016).  In *Johnson,* the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii), finding the provision unconstitutionally vague.  This holding is irrelevant to Defendant's case.  Defendant's sentence was not enhanced based on prior convictions for "crimes of violence," but for controlled substance offenses.  Furthermore, his sentence was not enhanced under the ACCA, but rather pursuant to the Sentencing Guidelines.  The *Johnson* decision has no impact on the definition of a "controlled substance offense" in the Career Offender guideline, U.S.S.G. § 4B1.1(A).  Additionally, the Supreme Court later held that the Sentencing Guidelines are not subject to the same sort of void for vagueness challenge that guided its decision in *Johnson*.  *See*

*Beckles v. United States*, 137 S. Ct. 886 (2017). Because *Johnson* does not apply to Defendant's case, his § 2255 motion is untimely, and it should be denied and dismissed. In any event, Defendant would lose on the merits, as explained above.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party

Case Nos.: 5:12cr5/MW/CJK; 5:16cv182/MW/CJK

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Government's Motion to Dismiss (ECF No. 878) be GRANTED, and the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 856) be DENIED and DISMISSED.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 19th day of October, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:12cr5/MW/CJK; 5:16cv182/MW/CJK